

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

_Michelle V. Larson_
_____
**United States Bankruptcy Judge**

**Signed September 13, 2023**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 7** |
| **WITH PURPOSE, INC.** | § § | **Case No. 23-30246-MVL7** |
| Debtor. | § § § § | |

| | | |
|---|---|---|
| **SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II, LLC AND J.I.G., LLC,** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | **Adv. Pro. No. 23-03032-MVL** |
| **TOBY NEUGEBAUER AND BANZAI ADVISORY GROUP, LLC,** | § § § § | |
| Defendants. | | |

## ORDER GRANTING PLAINTIFFS SEVEN TALENTS, LLC, RHYTHMIC CAPITAL FUND II, LLC, AND J.I.G., LLC'S MOTION TO REMAND AND ABSTAIN <ins>WITH INSTRUCTIONS</ins>

On May 12, 2023, Plaintiffs Seven Talents, LLC, Rhythmic Capital Fund II, LLC, and J.I.G., LLC (collectively, the "**Plaintiffs**") filed their *Motion to Remand and Abstain*[1] and *Brief in Support*[2] (collectively, the "**Motion to Remand**"), seeking remand of Cause Number DC-23-02970, styled *Seven Talents, LLC, Rhythmic Capital Fund II, LLC, and J.I.G., LLC v. Toby Neugebauer and Banzai Advisory Group, LLC* (the "**State Court Litigation**"), which was removed by Toby Neugebauer ("**Neugebauer**") and Banzai Advisory Group, LLC (collectively, the "**Defendants**") on April 12, 2023, from the 191st Judicial District of the District Court of Dallas County, Texas (the "**State Court**").[3] Pursuant to the Motion to Remand, the Plaintiffs assert that the Court does not have subject matter jurisdiction over this action.[4] Alternatively, if the Court does have jurisdiction, the Plaintiffs urge the Court to abstain.[5] On June 2, 2023, the Defendants filed their *Response to Plaintiffs' Motion to Remand and Abstain*[6] and *Brief in Support*[7] (collectively, the "**Response**"), opposing remand and asserting that the Plaintiffs' claims were assets of the bankruptcy estate.[8] On June 19, 2023, the Plaintiffs filed their *Reply Brief in Support of Plaintiffs' Motion to Remand and Abstain*.[9]

On July 28, 2023, the Court held a hearing on the Motion to Remand. Counsel for the Plaintiffs and Defendants appeared. Counsel to Scott M. Seidel, the Chapter 7 Trustee (the "**Trustee**") of a related bankruptcy proceeding, *In re With Purpose, Inc.*, Case No. 23-30246-mvl7 (the "**Bankruptcy Case**"), also appeared. After hearing argument on the underlying issues, the

---

[1] Dkt. No. 9.
[2] Dkt. No. 10.
[3] *See* Dkt. No. 1 (Notice of Removal).
[4] Dkt. No. 10 at 6–9.
[5] *Id.* at 9–14.
[6] Dkt. No. 12.
[7] Dkt. No. 13.
[8] *Id.* at 7–11. The Defendants also urged that abstention was improper. *Id.* at 15–18.
[9] Dkt. No. 15.

Court took the Motion to Remand under advisement. Accordingly, after considering the issues presented, the applicable authorities, and the briefing and oral arguments of counsel, the Court concludes that the relief requested in the Motion to Remand should be **GRANTED** with instructions as to what claims constitute property of the estate, as set forth more fully herein. The following constitutes the Court's analysis which underlies the ruling contained herein.

## II.    Factual and Procedural History.

On February 8, 2023, With Purpose, Inc. d/b/a GloriFi, Inc. (the "**Debtor**" or "**With Purpose**") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[10] On March 3, 2023, the Plaintiffs filed the State Court Litigation in Dallas County seeking damages from Neugebauer for allegedly "fraudulently inducing Plaintiffs into investing over $11 million" into With Purpose, which was co-founded by Neugebauer and certain of the Plaintiffs' principals.[11] In the original petition, the Plaintiffs asserted causes of actions for (i) fraudulent inducement, (ii) negligent misrepresentation, (iii) breach of fiduciary duty, (iv) unjust enrichment, and (v) exemplary damages. By way of summary, the Plaintiffs alleged that Neugebauer engaged in self-dealing to the detriment of the Debtor and to the benefit of himself individually and/or entities he owned or controlled.[12] The Plaintiffs likewise alleged that Neugebauer made certain misrepresentations which were material to the Plaintiffs and potential investors.[13]

On April 12, 2023, the Defendants filed their Notice of Removal and removed the State Court Litigation to this Court.[14] On April 26, 2023, the Plaintiffs filed their *Rule 9027(e) Statement*, by which the Plaintiffs denied the allegations in the Notice of Removal that the lawsuit

---

[10] Voluntary Petition for Non-Individuals Filing for Bankruptcy, Case No. 22-30246-MVL, Dkt. No. 1 (Bankr. N.D. Tex. 2023).
[11] Dkt. No. 10 at 4; Dkt No. 1 (Ex. 1 – Plaintiffs' Original Petition).
[12] Dkt. No. 10 at 17.
[13] *Id.* at 20–22.
[14] Dkt. No. 1.

constituted a core proceeding or would invoke any core proceedings.[15] Additionally, on April 26,

2023, the Plaintiffs made a jury demand and informed the Court they do not consent to the Court

conducting the jury trial in this lawsuit.[16]

Later, on July 19, 2023, the Plaintiffs filed their *Motion for Determination that Automatic
Stay Does Not Apply to Their Lawsuit Against Toby Neugebauer or, in the Alternative, for Relief
from the Automatic Stay* (the "**Lift Stay Motion**")[17] in the Bankruptcy Case. Pursuant to the Lift

Stay Motion, the Plaintiffs request that the Court enter an order reflecting that the automatic stay

does not apply to their lawsuit against Neugebauer, or alternatively, if the automatic stay does

apply, that the Court lift the automatic stay for cause to allow their lawsuit *against Neugebauer* to

proceed in State Court.[18] The Plaintiffs attached a proposed First Amended Petition, by which the

Plaintiffs seek to pursue only Neugebauer for the following causes of action: (i) fraudulent

inducement; (ii) negligent misrepresentation; and (iii) exemplary damages.[19] On July 27, 2023,

Neugebauer filed an objection to the relief requested by the Lift Stay Motion, asserting, among

other things, that the First Amended Petition still does not establish that the claims in the State

Court Litigation are not property of the bankruptcy estate.[20] On July 28, 2023, the Trustee filed an

objection to the Lift Stay Motion.[21] The Trustee does not take the position that the Plaintiffs could

---

[15] Dkt. No. 7.
[16] Dkt. No. 8.
[17] Motion for Determination that Automatic Stay Does Not Apply to Their Lawsuit Against Toby Neugebauer or, in the Alternative, for Relief from the Automatic Stay, Case No. 22-30246-MVL, Dkt. No. 87 (Bankr. N.D. Tex. 2023).
[18] *Id.* at 2.
[19] *Id.* at 5–7. As will be more detailed herein, the First Amended Petition articulates a similar fact pattern, if not identical, to support the causes of action in the Original Petition.
[20] Defendants' Response to Seven Talents, LLC's, Rhythmic Capital Fund II, LLC's, and J.I.G., LLC's Motion for Determination that Automatic Stay Does Not Apply to Their Lawsuit Against Toby Neugebauer or, in the Alternative, for Relief from the Automatic Stay, Case No. 22-30246-MVL, Dkt. No. 94 (Bankr. N.D. Tex. 2023).
[21] Trustee's Limited Objection to Seven Talents, LLC et al. Motion for Relief from Stay, Case No. 22-30246-MVL, Dkt. No. 96 (Bankr. N.D. Tex. 2023).

never plead direct claims arising from Neugebauer's alleged misrepresentations, but asserts that the First Amended Complaint does not provide sufficient allegations to allege a direct claim.[22]

For purposes of the instant Motion to Remand, the Court will analyze the causes of action as reflected in the proposed First Amended Petition. The Court has contemporaneously signed an order **granting** the Lift Stay Motion in the Bankruptcy Case, which incorporates fully the analysis contained herein resolving the Motion to Remand.

## III.    Analysis.

Three principal questions are before the Court by virtue of the Motion to Remand. First, the Court must determine whether the claims are direct injuries to the Plaintiffs that they alone can assert or whether they are derivative claims for which only the bankruptcy estate has standing to pursue. Second, if the claims are not property of the bankruptcy estate, the Court must determine whether it has subject matter jurisdiction over the claims, nonetheless. Finally, the Court must determine whether to abstain from hearing the claims, either by statutory mandate or in its discretion. The following constitutes the Court's analysis as to each of these questions.

### A.  Property of the Estate

The Plaintiffs contend that they assert direct and personal state law claims against the Defendants, which should be remanded to the State Court.[23] The Defendants, however, assert that the claims are not direct claims for which the Plaintiffs suffered an individual injury, but rather are thinly disguised and artfully pleaded claims more akin to a breach of fiduciary duty claim, which can only be brought by the Trustee of the bankruptcy estate.[24] The Court has reviewed the caselaw,

---

[22] *Id.* at 8.

[23] Dkt. No. 15 at 1–7.

[24] *See* Dkt. No. 13 at 7–11. The Court notes that a breach of fiduciary duty claim is not pleaded by the First Amended Petition, but counsel for Neugebauer argued at the July 28, 2023, hearing that the First Amended Petition does not assert sufficient facts to show whether the causes of action are direct in nature. The Trustee made similar arguments. *See* Dkt. No. 96. In fact, the Trustee asserted that the Plaintiffs' First Amended Petition was inadequate to plead direct

the claims asserted in the proposed First Amended Petition, and the arguments of the parties and finds that although not artfully pleaded, the fraudulent inducement and negligent misrepresentation causes of action could constitute direct claims, not derivative of the bankruptcy estate.[25]

The filing of a bankruptcy petition creates an estate that is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."[26] This includes "rights of actions" such as claims based on state or federal law.[27] If a cause of action belongs to the bankruptcy estate, the Trustee has exclusive standing to assert the claim.[28] If, however, a cause of action belongs solely to the estate's creditors, the Trustee has no standing to bring the cause of action.[29] Whether a particular state cause of action belongs to the estate depends on whether under applicable state law the Debtor could have raised the claim as of the commencement of the case.[30] As part of the inquiry, the Court must look at the nature of the injury for which relief is sought and consider the relationship between the Debtor and the injury.[31]

"If a cause of action alleges only indirect harm to a creditor (i.e., an injury which derives from harm to the debtor), and the debtor could have raised a claim for its direct injury under the applicable law, then the cause of action belongs to the estate. Conversely, if the cause of action does not explicitly or implicitly allege harm to the debtor, then the cause of action could not have been asserted by the debtor as of the commencement of the case, and thus is not property of the

---

claims, but proffered that it was possible that the Plaintiffs could replead to rectify the deficiency. Dkt. No. 96 at 8 ("The Trustee does not take the position that Plaintiffs can never plead fraudulent inducement or negligent misrepresentation claims arising from Neugebauer's alleged misrepresentations; however, the *Amended Petition* as pled does not plead facts establishing a *direct* claim.") (emphasis in original).
[25] The Court will further analyze below whether it has subject matter jurisdiction over these claims.
[26] 11 U.S.C. § 541(a)(1).
[27] *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 584 (5th Cir. 2008) (citations omitted).
[28] *Id.* (citing *In re Educators Group Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994)); *In re NC12*, 478 B.R. 820, 831 (Bankr. S.D. Tex. 2012).
[29] *Educators*, 25 F.3d at 1284.
[30] *Id.*
[31] *Seven Seas*, 522 F.3d at 584; *Educators*, 25 F.3d at 1284.

6

estate."[32] Thus, to determine whether the Plaintiffs' causes of action for fraudulent inducement and negligent misrepresentation are property of the estate, the Court must look at whether, under applicable state law, the claims could have been asserted by the Debtor and whether, under the test put forward by the Fifth Circuit in *Educators* and *Seven Seas*, the Plaintiffs assert an injury that is not merely derivative of an injury of the Debtor.[33]

With Purpose is a Delaware corporation and could have asserted any claims at the commencement of the case that, under Delaware law, sought enforcement of the corporation's rights.[34] In *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*,[35] the Delaware Supreme Court set forth the test to be applied in determining whether a stockholder's claim is derivative or direct:

> [The] issue must turn *solely* on the following questions: (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?[36]

However, on a certified question from the Second Circuit, the Delaware Supreme Court later clarified in *Citigroup Inc. v. AHW Investment Partnership*,[37] that the test set forth in *Tooley* only addressed "the narrow issue of whether a claim for breach of fiduciary duty or otherwise to enforce the corporation's own right must be asserted derivatively or directly."[38] Rather, "[b]efore evaluating a claim under *Tooley*, 'a more important initial question has to be answered: ***does the plaintiff seek to bring a claim belonging to her personally or one belonging to the corporation***

---

[32] *Id.*

[33] *See NC12*, 478 B.R. at 833–35; *Ebert v. Gustin*, Civil Action No. 4:15-cv-00225-O, 2016 WL 11663145, at *3 (N.D. Tex. Dec. 2, 2016) ("The critical inquiry is [whether] the cause of action explicitly or implicitly alleges harm to the debtor; if it does not, the cause of action is not property of the estate.").

[34] *See Educators*, 25 F.3d at 1284; *NC12*, 478 B.R. at 833.

[35] 845 A.2d 1031, 1033 (Del. 2004).

[36] *Id.* at 1033 (emphasis in original).

[37] 140 A.3d 1125, 1126–27 (Del. 2016).

[38] *Id. See also NAF Holdings, LLC v. Li & Fung (Trading) Ltd.*, 118 A.3d 175, 180 (Del. 2015).

*itself?* "[39] Whether a claim is derivative or direct depends on the nature of the claim itself.[40] This is the same approach that was prescribed by the Fifth Circuit in *Seven Seas*: "[W]e look to the *nature of the injury* for which relief is sought and consider the relationship between the debtor and the injury."[41] Specifically, in *Seven Seas*, the Fifth Circuit held that holders of bonds issued by the debtor, Seven Seas Petroleum, could bring "claims based on damages that *they* suffered as a result of *their* reliance on the false reserve estimates when *they* invested in the unsecured notes, as Seven Seas simply was not harmed by misrepresentations made to the bondholders to induce them to buy."[42]  As the Honorable Reed O'Connor stated in *Ebert*, "read in conjunction with [*Educators*], *Seven Seas* reaffirms the rule that when a  party relies upon a corporate misrepresentation in a manner distinguishable from others similarly situated, the fraud claim belongs to the party, not the corporation."[43]

Here, the Plaintiffs assert claims for negligent misrepresentation and fraudulent inducement against Neugebauer. In the First Amended Petition, the Plaintiffs claim that Neugebauer is "accountable for fraudulently inducing Plaintiffs into investing over $11 million" through convertible notes in the Debtor.[44] They assert that the Plaintiffs "would not have invested in GloriFi but for Neugebauer's material misrepresentations."[45] Applying the principles set forth by the Delaware Supreme Court, it is clear that both causes of action are direct, not derivative. The misrepresentations that allegedly caused the Plaintiffs' losses injured only the Plaintiffs; they did

---

[39] *Id.* at 1127 (quoting *NAF Holdings,* 118 A.3d at 180) (emphasis added).
[40] *Id.* at 1138, 1140.
[41] *Seven Seas*, 522 F.3d at 584 (emphasis added).
[42] *Id.* at 585.
[43] *Ebert*, 2016 WL 11663145 at *5.
[44] Dkt. No. 87-2 at 1–2 in Case No. 22-30246-MVL (Bankr. N.D. Tex. 2023).
[45] *Id.*; *see also id.* at 5 ("Neugebauer knew his material misrepresentations were false and intended for Plaintiffs to act upon them. Specifically, Neugebauer made the misrepresentations to induce Plaintiffs to invest millions of dollars in GloriFi through convertible promissory notes – and that is exactly what Plaintiffs did in reliance on Neugebauer's misrepresentations.").

not injure the corporation. In fact, the Debtor itself *benefitted* from these alleged misrepresentations as the Debtor received millions in investment through the investors' purchase of convertible notes.

Further, a review of the relevant authority appears to uncover a critical distinction between misrepresentations made *prior* to an investment and those made once an investment has already been made, the former resulting in a direct claim and the latter, derivative. In *Smith v. Waste Management, Inc.*,[46] for example, the Fifth Circuit applied the principles in *Tooley* to find that an action brought by a former shareholder was derivative.[47] The owner alleged that the corporation, through its officers, misstated the company's financial condition, thereby causing a decline in the company's share price when the truth was revealed.[48] The Fifth Circuit, however, noted that the corporation itself had been injured as a result of these misstatements, an injury that befell *all shareholders*.[49] Accordingly, because the shareholder could not prevail without showing an injury to the corporation, the Fifth Circuit found the action derivative under Delaware law.[50]

*Smith* should be compared to the Fifth Circuit's opinion in *Educators*[51] and this Court's decision in *In re Margaux City Lights Partners, Ltd.*[52] In *Educators*, at issue was whether school districts who participated in a health benefits trust that filed for Chapter 7 bankruptcy could assert claims against the third-party administrators of the trust or whether those claims belonged to the bankruptcy estate.[53] The Fifth Circuit found that the school districts could not pursue claims for negligent management and breach of fiduciary duty, as those claims derived from harm suffered

---

[46] 407 F.3d 381 (5th Cir. 2005).
[47] *Id.* at 382–86.
[48] *Id.* at 385.
[49] *Id.*
[50] *Id.*
[51] *Educators*, 25 F.3d 1281.
[52] No. 12–35828–BJH, 2014 WL 6674922 (Bankr. N.D. Tex. Nov. 24, 2014) (Houser, J.).
[53] *Id.* at 1283.

by the trust as a whole.[54]  Yet, the plaintiff school districts' claim "that the defendants intentionally misrepresented to them the financial situation of [the trust], and that they materially relied on such representations to their detriment," was determined to be a direct injury to the school districts and therefore a direct claim.[55]

Likewise, in *Margaux*, the Honorable Barbara J. Houser found that certain claims alleging damages to limited partners, including a loss in the value of the partnership, were derivative claims under Texas law because they were not separate from the direct injury to the partnership.[56] However, Judge Houser went on to find that a claim for fraudulent inducement to enter *into* the partnership agreement was a direct claim ***insofar as it involved direct harm to the investors in the form of their <u>initial investment</u> in the partnership***.[57]

Similarly, in the case at hand, by alleging that the negligent misrepresentations fraudulently induced the Plaintiffs' investment into the Debtor, the Plaintiffs have alleged a direct injury that is not derivative of the bankruptcy estate. The Debtor would not have a claim against Neugebauer for this initial investment. The Plaintiffs suffered the sole injury. That is not to say that the Debtor does not have some other claim for the actions alleged. Rather, the Fifth Circuit has made it clear that "it is entirely possible for a bankruptcy estate and a creditor to own separate claims against a third party arising out of the same general series of events and broad course of conduct."[58]

---

[54] *Id.* at 1285–86.

[55] *Id.* at 1285.

[56] 2014 WL 6674922 at *12.

[57] *Id.* at *12–13 (emphasis added); *see also, e.g.*, *Ebert*, 2016 WL 11663145, at *5–6 ("Any fraud claim based on the alleged difference between the price [shareholders] paid in reliance on the alleged misrepresentations and the actual value of [the] shares at the time of their investment belongs to shareholders. Under such a claim, there is no explicit or implicit injury to the estate; the sole injury is suffered by the shareholder who overpaid based on the misrepresentation. Therefore, the cause of action could not have been asserted by the debtor as of the commencement of the case, and thus is not property of the estate.") (internal citations omitted).

[58] *Seven Seas*, 522 F.3d at 585.

Although a reviewing court is not to evaluate the merits of the underlying claims in analyzing whether these claims are property of the bankruptcy estate, the Court would note that it has several important concerns with regard to the facts alleged by the First Amended Petition.[59] The Court frankly struggles to understand how the allegations support the causes of action. The facts alleged which purportedly underpin the causes of action are incredibly, and perhaps intentionally, vague. It is difficult to parse *which* representations are alleged to have induced the investment and *when* those statements occurred, for example.

Additionally troubling, at certain points, the allegations of fact in the First Amended Petition *mirror* that of a breach of fiduciary duty claim, which can only be brought by the Trustee – e.g., Neugebauer engaged in self-dealing, appointed his "cronies" to positions of authority and personally enriched himself.[60] Indeed, the Trustee made a similar assessment in his objection to the Lift Stay Motion. Although the Trustee concedes that it is not impossible that the Plaintiffs have direct claims, he requests that the Court order further amendment of the petition to properly delineate the facts underlying those claims.[61] However, the Fifth Circuit was faced with a very similar issue in *Seven Seas* and left the issue for the trial court:

> [W]e warn that it is somewhat difficult to discern the precise theory of recovery [the bondholders] advance. But as we discuss below, *whether the claims will ultimately prove to be legally or factually valid is not our concern*. The narrow question before us is whether the claims belong to the estate or to the bondholders.[62]

---

[59] *Margaux*, 2014 WL 6674922, at *13.

[60] *See, e.g.*, Dkt. No. 87-2 at 3–4 in Case No. 22-30246-MVL (Bankr. N.D. Tex. 2023) (sampling of "Neugebauer's misrepresentations, web of deceit, and empty promises").

[61] *See* Dkt. No. 96 at 8 in Case No. 22-30246-MVL (Bankr. N.D. Tex. 2023) ("The Trustee does not take the position that Plaintiffs can never plead fraudulent inducement or negligent misrepresentation claims arising from Neugebauer's alleged misrepresentations; however, the *Amended Petition* as pled does not plead facts establishing a *direct* claim. It remains hypothetically possible that Plaintiffs could plead a case that does not implicate property of the estate – the *Amended Petition* just fails to do so.") (emphasis in original).

[62] *Seven Seas*, 522 F.3d at 585 (emphasis added). *See also Margaux*, 2014 WL 6674922 at *13 (noting frailties with complaint but addressing only whether "a proper claim for fraudulent inducement . . . can be stated"); *NC12*, 478 B.R. at 836–37.

The Plaintiffs' claims and the estate's claims are *not* mutually exclusive.[63] There is nothing contradictory in saying that Neugebauer might have inflicted direct injuries on both the estate and the Plaintiffs.[64] Just as the Fifth Circuit noted in *Seven Seas*: "It bears empathizing that [the Court's ruling] is a narrow one that in no way passes on the merits of the claims."[65] The actual merits of these claims are not under scrutiny at this time. Accordingly, the Court herein finds that the Plaintiffs are entitled to assert their own claims for negligent misrepresentation and fraudulent inducement against Neugebauer "based on discrete wrongs that caused direct damages to them" [66] by virtue of actions or representations occurring ***prior*** to the Plaintiffs' investment. For sake of clarity, the Plaintiffs are ***not*** entitled to assert claims resulting from an alleged breach of fiduciary duty, mismanagement, self-dealing, conversion of the "tech stack" or any claim based upon a harm ***to all investors or the enterprise occurring after the initial investment***. Moreover, any damage calculation may include only those losses suffered by the Plaintiffs individually in reliance upon the alleged fraud or misrepresentations.

## B.  Subject Matter Jurisdiction Over the Claims

If claims are determined not to be property of the bankruptcy estate, as has been found here, the Court must consider whether it has subject matter jurisdiction over the claims.[67] The Plaintiffs claim that the Court does not have subject matter jurisdiction over the state law-based causes of action.[68] Specifically, the Plaintiffs claim that the Defendants have failed to meet their burden to establish "related to" jurisdiction and that no such jurisdiction exists as the allegations would not affect the administration of the bankruptcy estate.[69] In response, the Defendants assert

---

[63] *Seven Seas*, 522 F.3d at 587.
[64] *Id.*
[65] *Id.*
[66] *Id.* at 590.
[67] *NC12*, 478 B.R. at 832.
[68] Dkt. No. 10 at 6–7.
[69] *Id.* at 7–9.

that "related to" jurisdiction applies because Neugebauer is entitled to indemnification from third

party claims for his actions as CEO and a director of the Debtor and would therefore have a claim

against the Debtor for his costs and expenses in defending the matter and any judgment or

settlement of the third party claims.[70] The Court notes that Neugebauer has filed Proof of Claim

50 in the Bankruptcy Case for indemnification and/or contribution. The Court herein finds that is

has "related to" subject matter jurisdiction over the claims asserted in the First Amended Petition.

The Court's subject matter jurisdiction is limited to bankruptcy cases and proceedings that

arise under the Bankruptcy Code, arise in a bankruptcy case, or are related to a bankruptcy case.[71]

A proceeding arises under the Bankruptcy Code if a plaintiff asserts a right created by the

Bankruptcy Code.[72] A proceeding arises in a bankruptcy case if the plaintiff asserts a claim that

could not exist outside bankruptcy.[73] An action is related to a bankruptcy case if the outcome could

conceivably affect the bankruptcy estate.[74] Certainty is unnecessary.[75] The Fifth Circuit has

articulated that "an action is related to a bankruptcy if the outcome could alter the debtor's rights,

liabilities, options or freedom of action (either positively or negatively) and . . . *in any way* impacts

upon the handling and administration of the bankrupt estate."[76] Therefore, jurisdiction can only

exist over a proceeding that does not arise under title 11 or in a case under title 11 if the matter

relates to the estate itself and it affects the debtor.[77] Neither shared facts between the proceeding

---

[70] Dkt. No. 13 at 14–15.

[71] 28 U.S.C. § 1334.

[72] *In re Wilborn*, 609 F.3d 748, 752 (5th Cir. 2010).

[73] *Id.*

[74] *In re GenOn Mid-Atlantic Development, L.L.C.*, 42 F.4th 523, 534 (5th Cir. 2022); *Edge Petroleum Operating Co. v. GPR Holdings, LLC (In re TXNB Internal Case),* 483 F.3d 292, 298 (5th Cir. 2007) ("Certainty is unnecessary; an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankruptcy estate.").

[75] *Id.*

[76] *In re Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995) (emphasis added).

[77] *Id.* at 752–55.

13

and the conflict between the debtor and creditor nor considerations of judicial economy alone will justify the finding of subject matter jurisdiction over an otherwise unrelated proceeding.[78]

The Court is persuaded that "related to" jurisdiction extends to the Plaintiffs' claims against Neugebauer. The Fifth Circuit's decision in *Passmore v. Baylor Health Care System*[79] is instructive. In *Passmore*, the plaintiffs sued the defendants, all of which were non-debtors, in federal district court, claiming that the federal court had "related to" jurisdiction because the outcome of their suit might affect the resolution of the debtor's pending bankruptcy proceeding.[80] The Fifth Circuit agreed, explaining that the defendants may have contribution and/or indemnity claims against the debtor pursuant to state law if the non-debtor plaintiffs were successful against the non-debtor defendants, and thus the action was sufficiently "related to" bankruptcy to provide the court with subject matter jurisdiction.[81]

Here, the Debtor's corporate bylaws provide for indemnification rights against third party claims and for actions by the Debtor or in the right of the Debtor.[82] Article 5.1 of the Debtor's bylaws concerns indemnification for third party claims:

> Subject to the other provisions of this Article V, the Company shall indemnify, to the fullest extent permitted by the [Delaware General Corporation Law], as now or hereinafter in effect, any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (a "***Proceeding***") (other than an action by or in the right of the Company) by reason of the fact that such person is or was a director or officer of the Company…against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such person in connection with such Proceeding if such person acted in good faith and in a manner such person reasonably believed to be in or not opposed to the best interests of the Company….[83]

---

[78] *In re CEI Roofing, Inc.*, 315 B.R. 61, 66 (Bankr. N.D. Tex. 2004) (Hale, J.) (citing *Zale Corp.*, 62 F.3d at 753–53).
[79] 823 F.3d 292, 295–96 (5th Cir. 2016).
[80] *Id.*
[81] *Id.* at 296.
[82] Dkt. No. 13 at 13–14.
[83] Dkt. No. 16-5 at 11–12 (emphasis in original). A true and correct copy of the bylaws was admitted by the Court during the hearing on the Lift Stay Motion, which was held on the same day as the hearing on the Motion to Remand.

Additionally, Article 5.2 of the bylaws regards indemnification for actions by directors or officers

or in the right of the Debtor:

> Subject to the other provisions of this Article V, the Company shall indemnify, to
> the fullest extent permitted by the [Delaware General Corporation Law], as now or
> hereinafter in effect, any person who was or is a party or is threatened to be made
> a party to any threatened, pending or completed action or suit by or in the right of
> the Company to procure a judgment in its favor by reason of the fact that such
> person is or was a director or officer of the Company…against expenses (including
> attorneys' fees) actually and reasonably incurred by such person in connection with
> the defense or settlement of such action or suit if such person acted in good faith
> and in a manner such person reasonably believed to be in or not opposed to the best
> interests of the Company; except that no indemnification shall be made in respect
> of any claim, issue or matter as to which such person shall have been adjudged to
> be liable to the Company unless and only to the extent that the Court of Chancery
> or the court in which such action or suit was brought shall determine upon
> application that, despite the adjudication of liability but in view of all the
> circumstances of the case, such person is fairly and reasonably entitled to indemnity
> for such expenses which the Court of Chancery or such other court shall deem
> proper.[84]

The Fifth Circuit applies a *broad* "conceivable effect" test.[85] Even unasserted claims for

indemnification can be sufficient to have a conceivable effect on the Bankruptcy Case,[86] yet

Neugebauer has filed a proof of claim in the bankruptcy asserting the indemnification rights in the

corporate bylaws.[87] The causes of action in the First Amended Petition are asserted solely against

Neugebauer, who was the CEO and director of the Debtor at the time the alleged actions occurred.

Whether or not the indemnification claims are potentially valid, it is inarguable that, if valid, the

---

[84] *See* Dkt. No. 78-23 in Case No. 22-30246-MVL (Bankr. N.D. Tex. 2023) (Neugebauer's Ex. 23). The Court additionally takes judicial notice of Neugebauer's proof of claim in the Bankruptcy Case, which was attached as Exhibit B to the corporate bylaws. *See* Proof of Claim 50-1 in Case No. 22-30246-MVL (Bankr. N.D. Tex. 2023). *Id.* at 22–42.
[85] *In re KSRP, Ltd.*, 809 F.3d 263, 266 (5th Cir. 2015) (citation omitted).
[86] *N. Nat. Gas Co. v. Sheerin*, No. SA–03–CA–304–RF, 2003 WL 22594457, at *3–6 (W.D. Tex. Oct. 20, 2003) ("The fact that [the party] has not yet claimed for indemnity, contribution, or D & O coverage does not prevent an analysis of the conceivable effect on the debtor's estate.").
[87] *See* Proof of Claim 50-1 in Case No. 22-30246-MVL (Bankr. N.D. Tex. 2023); *see also* Dkt. No. 78-18 in Case No. 22-30246-MVL (Bankr. N.D. Tex. 2023).

claims could conceivably have an effect on the Bankruptcy Case.[88] Accordingly, for these reasons, the Court finds that it has subject matter jurisdiction over the claims asserted against Neugebaeuer by the First Amended Petition.

### C. Mandatory and Permissive Abstention

The Plaintiffs claim that the doctrine of mandatory abstention applies to the action pursuant to 28 U.S.C. § 1334(c)(2).[89] If mandatory abstention does not apply, the Plaintiffs request the Court abstain in its discretion.[90] The Defendants assert that mandatory abstention does not apply because the Plaintiffs have failed to establish how the action could be adjudicated timely in state court.[91] Further, the Defendants assert that the balance of factors weighs against permissive abstention.[92] As explained further below, the Court finds that mandatory abstention does not apply to the action, but will permissively abstain with instructions to the state court.

Though the Court finds that is has "related to" jurisdiction over the claims asserted, the claims may still be subject to mandatory abstention.[93] 28 U.S.C. § 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.[94]

Thus, this Court *must* abstain if the claims in the First Amended Petition: (i) are based upon a state law claim or cause of action; (ii) are related to a bankruptcy case but not arising under the

---

[88] *See Passmore*, 823 F.3d at 295–96; *KRSP, Ltd.*, 809 F.3d at 267–68. *See also Sheerin*, 2003 WL 22594457, at *6 ("With respect to potential viability of claims, certainty or likelihood of a successful outcome on the action is not required; the key is whether an effect is conceivable.").
[89] Dkt. No. 10 at 9–12.
[90] *Id.* at 12–14.
[91] Dkt. No. 13 at 15.
[92] *Id.* at 16–18.
[93] 28 U.S.C. § 1334(c)(2).
[94] *Id.*

Bankruptcy Code or arising in a bankruptcy case; (iii) could not have been commenced in a federal

court other than through bankruptcy jurisdiction; and (iv) were commenced and can be timely

adjudicated in a state court.[95] The Court agrees with the line of authority holding that, if a motion

to abstain is disputed, the burden is on the moving party to show mandatory abstention applies.[96]

Further, even if the requirements for mandatory abstention are not met, the Court may still

discretionarily abstain from hearing a proceeding "in the interest of justice, or in the interest of

comity with State courts or respect for State law."[97] The Court has "broad discretion" in its

decision to abstain or not to abstain.[98] In exercising this broad discretion, the Court may consider

the following non-exclusive factors:

(1)    the effect or lack thereof on the efficient administration of the estate;
(2)    the extent to which state law issues predominate over bankruptcy issues;
(3)    the difficult or unsettled nature of the applicable law;
(4)    the presence of related proceedings commenced in state court or other nonbankruptcy proceeding;
(5)    the jurisdiction basis, if any, other than § 1334;
(6)    the degree of relatedness or remoteness of proceeding to main bankruptcy case;
(7)    the substance rather than the form of an asserted core proceeding;
(8)    the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
(9)    the burden on the bankruptcy docket;
(10)    the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
(11)    the existence of a right to a jury trial;
(12)    the presence in the proceeding of non-debtor parties;
(13)    comity; and
(14)    the possibility of prejudice to other parties in the action.[99]

---

[95] *Id.*

[96] *In re Petroleum Products & Services*, 561 B.R. 662, 665 (Bankr. S.D. Tex. 2016); *In re Mugica*, 362 B.R. 782, 793 (Bankr. S.D. Tex. 2007); *In re Doctors Hosp. 1997, L.P.*, 351 B.R. 813, 846 (Bankr. S.D. Tex. 2006); *In re Turner Grain Merchandising*, 545 B.R. 261, 277–78 (Bankr. E.D. Ark. 2016); *In re Best*, 417 B.R. 259, 271 (Bankr. E.D. Pa. 2009); *In re Ascher*, 128 B.R. 639, 644 (Bankr. N.D. Ill. 1991).

[97] 28 U.S.C. § 1334(c)(1).

[98] *In re Gober*, 100 F.3d 1195, 1207 (5th Cir. 1996).

[99] *In re Senior Care Centers, LLC*, 611 B.R. 791, 801 (Bankr. N.D. Tex. 2019) (Jernigan, J.); *In re Lorax Corp.*, 295 B.R. 83, 95 (Bankr. N.D. Tex. 2003) (Lynn, J.).

Having reviewed the applicable statute and relevant authority on the issue, the Court finds that it not ***required*** to abstain pursuant to 28 U.S.C. § 1334(c)(2). Though it is undeniable that the first three elements of mandatory abstention are met, the party seeking mandatory abstention must also show that the action could be adjudicated timely in state court.[100] The moving party must provide more than a "naked assertion" that the state court can timely adjudicate the claims.[101] For example, the party seeking abstention could introduce evidence that the suit had already been prosecuted to some extent in the state court, which had issued various orders and become familiar with the case.[102] The Plaintiffs did not provide the Court this information.

Instead, the Plaintiffs attempted to flip the burden of proof, arguing that: (1) their request for a jury trial and non-consent to this Court conducting such a trial (requiring withdrawal to a federal district court) necessarily imparts that this matter would take longer if the adjudicated before the Court than the State Court;[103] and (2) the Defendants had provided no reason why the action could be adjudicated more timely in the State Court.[104] It is the ***moving party's burden*** to establish this element, not the non-movant's. The Plaintiffs simply have not done so. The Court takes judicial notice of the infancy of the State Court Litigation, which was filed on March 3, 2023, almost a month after the February 8, 2023, petition date. Further, it is common in the Northern District of Texas for the bankruptcy court to prepare a case for a trial before the district court, similar to that of a magistrate judge and a district court. A request for a jury trial, even where this Court lacks consent to conduct such a trial, provides no evidence establishing that the matter would be timelier adjudicated by the State Court. In sum, the Plaintiffs have failed to provide evidence

---

[100] *Gober*, 100 F.3d at 1207.
[101] *Petroleum*, 561 B.R. at 665.
[102] *Id.* (citing *Doctors Hosp.*, 351 B.R. at 846 n.29).
[103] Dkt. No. 10 at 11–12.
[104] Dkt. No. 15 at 9.

sufficient to fulfill their burden. Accordingly, the Court finds that the Plaintiffs have failed to show

that mandatory abstention applies pursuant to 28 U.S.C. § 1334(c)(2).

The Court now turns to whether it should permissibly abstain. The Court determines that

it will abstain in its discretion *with instructions*. It is true that some of the factors articulated above,

especially when viewed in light of the unique circumstances of this case, certainly favor denial of

the request for remand. First, as already stated, abstention could negatively influence the efficient

administration of the estate. The First Amended Petition brings claims directly against

Neugebauer, who has an indemnity claim against the bankruptcy estate. Additionally, while the

Trustee has not filed any estate claims against Neugebauer at this time, Trustee's counsel indicated

that the Trustee is currently analyzing and considering the filing of such claims. While no suit has

been filed, the factual allegations pleaded by the Plaintiffs could overlap with any potential claims

brought by the Trustee.[105] For these reasons, there is also some degree of relatedness to the

Bankruptcy Case. Likewise, parties have raised important concerns about claim and issue

preclusion. Third, the proceeding would not impose a burden on the Court's docket as the litigation

could be efficiently tried here. Fourth, the Court finds that removal of this case was not an effort

to forum shop into bankruptcy court; and fifth, the Court does believe the Plaintiffs would incur

any prejudice by the Court retaining this matter. It is just as convenient for the Plaintiffs to pursue

their claims before this Court. Finally, although comity is usually a factor that would favor

abstention, comity is less of a consideration where, as here, the state court lawsuit is filed ***after*** the

bankruptcy case is commenced.

Nevertheless, other critical factors certainly weigh in favor of abstention. The issues are

clearly non-core. There exists a predomination of state law issues in the lawsuit. The suit includes

---

[105] *See* Dkt. No. 96 at 8 in Case No. 22-30246-MVL (Bankr. N.D. Tex. 2023).

*only non-debtor parties*; and there is no jurisdictional basis for the suit other than "related to" jurisdiction.

In sum, the Court believes a good case can certainly be made either to remand or ***not*** to remand the case. To be clear, the Plaintiffs walk a very thin line in the First Amended Petition in pursuing Neugebauer directly and alleging facts that sound strikingly like fiduciary duty causes of action, which would belong to the Trustee. Though the Court has nonetheless found there to exist the potential for direct claims, the Court does not want the Trustee to have to continue to monitor the third-party litigation to ensure the Plaintiffs "stay in their lane," nor does the Court want to leave the Plaintiffs without guidance on remand. Accordingly, the Court herein endeavors to give explicit instructions on remand.

The Court will permissively abstain and remand this case *on the following terms*:

- The State Court Litigation shall be permitted to proceed in the State Court with respect to direct claims asserted by the Plaintiffs against the non-Debtor Defendants, insofar as such claims do not include any claims against the Debtor or the estate, any claims of the Debtor or the estate, or affect or impair any claims or causes of action of the estate against any person (or any claims or causes of action the Plaintiffs may have against any other person, including the estate).
- Without further Order *from this Court*, the Plaintiffs may not pursue any cause of action that explicitly or implicitly alleges harm to the Debtor, that the Debtor, could have, as of the commencement of the case, brought against the Defendants.  Any such cause of action shall constitute, at least arguably, property of the estate subject to the automatic stay.
- Without further Order *from this Court*, the Plaintiffs may not pursue any cause of action that constitutes a claim for breach of fiduciary duty, mismanagement, self-dealing, conversion of the "tech stack" or any claim based upon a harm to all investors or the enterprise occurring after the Plaintiffs' initial investment.
- Without further Order *from this Court*, the Plaintiffs may only pursue the Defendants for actions taken, representations made, or omissions occurring *before* the Plaintiffs' investment into With Purpose, Inc.  However, this proscription does not prohibit the Plaintiffs from factually relying upon actions taken, representations made or omissions occurring after the Plaintiffs' initial investment *to the extent* relied upon to prove an essential element of a cause of action, such as intent, if applicable.

- Without further Order *from this Court*, any damage calculation must exclude the consideration of the reduction in value of the With Purpose, Inc. enterprise.  Any damage calculation must only include the loss to the Plaintiffs based *solely* upon the alleged fraudulent inducement and/or negligent misrepresentations, independent of damages to the Debtor itself.
- The Plaintiffs shall file, within 14 days of this Court's Order, an amended petition in the State Court, alleging allegations and pursuing only those claims consistent with this Order. The Plaintiffs shall transmit a copy of such amended petition to the Trustee promptly thereafter.  Any further supplementation or amendment to the complaint shall require conference with the Trustee prior to filing insofar as it is "related to" the Bankruptcy Case.
- All rights are reserved as they may apply to the later assertion of the defense(s) of claim or issue preclusion, setoff, or the allowance or disallowance of claims against the With Purpose, Inc. estate.

Therefore, based upon the foregoing and the record before the Court, it is hereby

**ORDERED** that the Plaintiffs' Motion to Remand[106] is hereby **GRANTED**, on the terms more particularly set forth in this Order; and it is further

**ORDERED** that the Court shall retain jurisdiction over all aspects of this Order.

### ###END OF ORDER###

---

[106] Dkt. Nos. 9–10.